IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JACQUELINE A. EVANS, #T4079**                                                        **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO.  3:06cv195HTW-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.**            **DEFENDANTS**

### MEMORANDUM OPINION

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal.  The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC),  filed this complaint pursuant to 42 U.S.C. § 1983.

The plaintiff failed to submit documentation demonstrating the exhaustion of her administrative remedies, pursuant to 42 U.S.C. § 1997e.  On July 31, 2006, an order was entered directing the plaintiff to show cause in writing, within fifteen days, why this case should not be dismissed for her failure to exhaust her administrative remedies.  The plaintiff was warned in this order to show cause that her failure to timely comply with any order of this court or her failure to keep this court informed of her current address would result in the dismissal of this case.  The plaintiff failed to comply with this order.

On September 9, 2006, a second show cause order was entered.  The plaintiff was directed to show cause in writing, within fifteen days, why this case should not be dismissed for her failure to comply with the court's order of July 31, 2006.  Additionally, the plaintiff was directed to comply with the July 31, 2006 order within fifteen days.  The plaintiff was warned in this order to show cause that her failure to timely comply with any order of this court or her failure to keep this court informed of her current address would result in the dismissal of this case.  The

plaintiff failed to comply with this order.

The plaintiff has failed to communicate with the court, either to inquire as to the status of her case or to provide the court with a current address. It is apparent from the plaintiff's failure to communicate with this court that she lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will be without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 20th day of November, 2006.

                s/ HENRY T. WINGATE

                CHIEF UNITED STATES DISTRICT JUDGE